IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-1048-LTB

**JERRY DEAN CARTER**,

    Plaintiff,

v.

**EL PASO COUNTY COLO. BOARD OF COMMISSIONERS**,

    Defendant.

## ORDER OF DISMISSAL

On May 18, 2015, Plaintiff, Jerry Carter, initiated this action by filing a Complaint (ECF No. 1) and a Letter (ECF No. 3) wherein he stated that he has no assets.  As part of the Court's review pursuant to D.C.COLO.LCivR 8.1(b), the Court determined that there were deficiencies in this action.  On May 18, 2015, Magistrate Judge Gordon P. Gallagher entered an order directing Mr. Carter to cure certain deficiencies if he wished to pursue his claims in this action.  Specifically, Magistrate Judge Gallagher directed Mr. Carter to file on the proper form an Application to Proceed in District Court Without Prepaying Fees or Costs and directed the clerk of the court to mail Mr. Carter a blank copy of the Application to Proceed in District Court Without Prepaying Fees or Costs (ECF No. 4).  Mr. Carter was warned that the action would be dismissed without further notice if he failed to cure the deficiencies within thirty days.

The Order Directing Plaintiff to Cure Deficiencies was sent to Mr. Carter at his address of record on May 18, 2015 (ECF No. 5).  On May 27, 2015, the copy of the May 18, 2015 Order Directing Plaintiff to Cure Deficiencies that was sent to Mr. Carter was returned to the Court as undeliverable with the notation that his address was unknown (ECF No. 6).  A review of the Colorado Department of Corrections website revealed no

listing for his name.

Mr. Carter is required to update the Court of his current address where he can be served papers.  *See* D.C.COLO. L Atty R 5(c) requiring attorneys and unrepresented parties to file their change of contact information no later than five days after the change. Mr. Carter has failed to cure the deficiencies within the time allowed, and he has failed to communicate with the Court in any way since filing the Prisoner Complaint.  The Court, therefore, will dismiss the action for failure to cure the deficiencies and failure to prosecute.  Plaintiff may reopen this case if he updates the Court with his current address within thirty days.

The Court also certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order is not taken in good faith, and, therefore, *in forma paupers* status is denied for the purpose of appeal.  *See Coppedge v. United States*, 369 U.S. 438 (1962).  If Plaintiff files a notice of appeal he must also pay the full $505 appellate filing fee or file a motion to proceed *in forma pampers* in the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.  Accordingly, it is

**ORDERED** that the Complaint and action are **DISMISSED WITHOUT PREJUDICE** pursuant to Fed. R. Civ. P. 41(b) for failure to cure the deficiencies as directed and for failure to prosecute.  It is

**FURTHER ORDERED** that leave to proceed *in forma pampers* on appeal is denied.

DATED at Denver, Colorado, this  29th  day of    May           , 2015.

BY THE COURT:

   s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court